IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DANIEL R. HEDRICK,                    )
                                      )
                Plaintiff,            )
                                      )    CIVIL ACTION
v.                                    )
                                      )    No. 06-2129-CM-JTR
                                      )
MICHAEL J. ASTRUE,[1]                 )
Commissioner of Social Security,      )
                                      )
                Defendant.            )
_____)


REPORT AND RECOMMENDATION


        Plaintiff seeks review of a final decision of the
Commissioner of Social Security (hereinafter Commissioner)
denying disability insurance benefits and supplemental security
income under sections 216(i), 223, 1602 and 1614(a)(3)(A) of the
Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and
1382c(a)(3)(A)(hereinafter the Act).  The matter has been
referred to this court for a report and recommendation.  The
court recommends the Commissioner's decision be AFFIRMED.

I.   Background

_____

        [1]On Feb. 12, 2007, Michael J. Astrue was sworn in as
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Mr. Astrue is
substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  Pursuant to the last sentence of 42 U.S.C. § 405(g),
no further action is necessary.

After plaintiff's applications for disability insurance
benefits and supplemental security income were denied, plaintiff
sought, and on Nov. 14, 2004, was given a hearing before an
Administrative Law Judge (ALJ).  (R. 15, 44, 49-53, 696-738).  At
the hearing, plaintiff was represented by an attorney and
testimony was taken from plaintiff, a medical expert, and a
vocational expert.  (R. 696, 697).  On Dec. 28, 2004, the ALJ
issued a decision in which he found that plaintiff is able to
perform his past relevant work in retail sales, parts management
and as a truck supervisor, and is, therefore, not disabled within
the meaning of the Act.  (R. 15-19).  Consequently, the ALJ
denied plaintiff's applications.  (R. 18, 19).

In the decision, the ALJ determined that plaintiff has not
engaged in substantial gainful activity at any relevant time and
has impairments, consisting of alcohol abuse with peripheral
neuropathy with altered gait, which are "severe" within the
meaning of the Act.  (R. 16).  He determined that plaintiff's
condition does not meet or equal the severity of any impairment
in the Listing of Impairments.  Id.

The ALJ considered claimant's testimony, the opinions of the
medical expert, the medical and hospital records, and the
opinions of the medical consultants, and evaluated the
credibility of plaintiff's allegations of disabling symptoms and
limitations.  (R. 16-18).  He concluded plaintiff's allegations

-2-

are not credible, and assessed plaintiff with a residual
functional capacity (RFC) with no limitations in sitting and/or
standing, or gripping and/or grasping, walking limited to two
thousand feet on a level surface, lifting and carrying a maximum
of twenty pounds ten to twelve times an hour, occasional bending
and climbing stairs, avoid heights, and no crawling or climbing
ladders or scaffolds.  (R. 18, 19).

The ALJ next adopted the testimony of the vocational expert
and found that plaintiff is able to perform his past relevant
work in retail sales, parts management and as a truck supervisor.
(R. 18).  Therefore, the ALJ found plaintiff not disabled, and
denied his applications.  (R. 18, 19).

Plaintiff sought and was denied Appeals Council review of
the ALJ decision.  (R. 11, 7-10).  Therefore, the ALJ decision is
the final decision of the Commissioner.  (R. 7); Threet v.
Barnhart, 353 F.3d 1185, 1187 (10th Cir. 2003).  Plaintiff now
seeks judicial review.

## II.  Legal Standard

The court's review is guided by the Act.  42 U.S.C.
§§ 405(g), 1383(c)(3).  Section 405(g) provides, "The findings of
the Commissioner as to any fact, if supported by substantial
evidence, shall be conclusive."  The court must determine whether
the factual findings are supported by substantial evidence in the
record and whether the ALJ applied the correct legal standard.

White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).
Substantial evidence is more than a scintilla, but less than a
preponderance, it is such evidence as a reasonable mind might
accept to support the conclusion.  Gossett v. Bowen, 862 F.2d
802, 804 (10th Cir. 1988).  The court may "neither reweigh the
evidence nor substitute [it's] judgment for that of the agency."
White, 287 F.3d at 905 (quoting Casias v. Sec'y of Health & Human
Serv., 933 F.2d 799, 800 (10th Cir. 1991)).  The determination of
whether substantial evidence supports the Commissioner's
decision, however, is not simply a quantitative exercise, for
evidence is not substantial if it is overwhelmed by other
evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d
at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual
can establish that he has a physical or mental impairment which
prevents him from engaging in substantial gainful activity and is
expected to result in death or to last for a continuous period of
at least twelve months.  42 U.S.C. § 423(d); see also, Barnhart
v. Walton, 535 U.S. 212, 217-22 (2002)(both impairment and
inability to work must last twelve months).  The claimant's
impairments must be of such severity that he is not only unable
to perform his past relevant work, but cannot, considering his
age, education, and work experience, engage in any other

substantial gainful work existing in the national economy.  Id.;
20 C.F.R. §§ 404.1520, 416.920 (2004).

 The Commissioner has established a five-step sequential
process to evaluate whether a claimant is disabled.  20 C.F.R.
§§ 404.1520, 416.920; Allen v. Barnhart, 357 F.3d 1140, 1142
(10th Cir. 2004); Ray, 865 F.2d at 224.  "If a determination can
be made at any of the steps that a claimant is or is not
disabled, evaluation under a subsequent step is not necessary."
Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

 In the first three steps, the Commissioner determines
whether claimant has engaged in substantial gainful activity
since the alleged onset, whether he has severe impairments, and
whether the severity of his impairments meets or equals the
Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).
Id. at 750-51.  If claimant's impairments do not meet or equal
the severity of a listed impairment, the Commissioner assesses
claimant's RFC.  20 C.F.R. §§ 404.1520, 416.920.  This assessment
is used at both step four and step five of the process.  Id.

 After assessing claimant's RFC, the Commissioner evaluates
steps four and five, whether the claimant can perform his past
relevant work, and whether he is able to perform other work in
the economy.  Williams, 844 F.2d at 751.  In steps one through
four the burden is on claimant to prove a disability that
prevents performance of past relevant work.  Dikeman v. Halter,

-5-

245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751

n.2.  At step five, the burden shifts to the Commissioner to show

other jobs in the economy within plaintiff's capacity.  Id.;

Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

     Here, plaintiff claims that the ALJ's credibility finding is

not supported by substantial evidence and the ALJ erred in

propounding a hypothetical question to the vocational expert

which did not relate with precision all of plaintiff's

limitations.  (Pl. Br., 18-24).  Plaintiff argues that the

Commissioner's decision should be reversed and the case remanded

for an immediate award of benefits.  Id., at 24-25.  The

Commissioner argues that the ALJ's credibility determination is

supported by substantial evidence in the record and the

hypothetical question propounded to the vocational expert is

based upon all of plaintiff's credible limitations, and,

therefore, the ALJ's decision should be affirmed.  The court

agrees with the Commissioner.

## III. Credibility Determination

     The Tenth Circuit has explained the analysis for considering

subjective testimony regarding symptoms.  Thompson v. Sullivan,

987 F.2d 1482, 1488 (10th Cir. 1993)(pain, in this case).

> A claimant's subjective allegation of pain is not
> sufficient in itself to establish disability.  Gatson
> v. Bowen, 838 F.2d 442, 447 (10th Cir. 1988).  Before
> the ALJ need even consider any subjective evidence of
> pain, the claimant must first prove by objective
> medical evidence the existence of a pain-producing

impairment, <u>Luna v. Bowen</u>, 834 F.2d 161, 163 (10th Cir. 1987) (citing <u>Frey [v. Bowen]</u>, 816 F.2d [508,] 515 [(10th Cir. 1987)]; <u>Nieto v. Heckler</u>, 750 F.2d 59 (10th Cir. 1984)), that could reasonably be expected to produce the alleged disabling pain. <u>Luna</u>, 834 F.2d at 163; 42 U.S.C. § 423(d)(5)(A).  This court has stated: The framework for the proper analysis of Claimant's evidence of pain is set out in <u>Luna v. Bowen</u>, 834 F.2d 161 (10th Cir. 1987).  We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.  <u>Musgrave v. Sullivan</u>, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing <u>Luna</u>, 834 F.2d at 163-64).

<u>Thompson</u>, 987 F.2d at 1488.

The Commissioner has promulgated regulations suggesting relevant factors to be considered in evaluating credibility: Daily activities; location, duration, frequency, and intensity of symptoms; factors precipitating and aggravating symptoms; type, dosage, effectiveness, and side effects of medications taken to relieve symptoms; treatment for symptoms; measures plaintiff has taken to relieve symptoms; and other factors concerning limitations or restrictions resulting from symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  The Tenth Circuit in <u>Luna</u> recognized that no list of factors for evaluating credibility can be exhaustive and stated certain additional factors which overlap and expand upon the regulatory factors.  <u>Luna</u>, 834 F.2d at 165-66.  The Tenth Circuit has developed an oft-repeated a list of factors which includes:

> the levels of medication and their effectiveness, the
> extensiveness of the attempts (medical or nonmedical)
> to obtain relief, the frequency of medical contacts,
> the nature of daily activities, subjective measures of
> credibility that are peculiarly within the judgment of
> the ALJ, the motivation of and relationship between the
> claimant and other witnesses, and the consistency or
> compatibility of nonmedical testimony with objective
> medical evidence.

Swanson v. Barnhart, 190 Fed. App'x 655, 657 (10th Cir. 2006);

Branum v. Barnhart, 385 F.3d 1268, 1273-74 (10th Cir. 2004);

Adkins v. Barnhart, 80 Fed. App'x 44, 49 (10th Cir. 2003); O'Neal

v. Barnhart, 30 Fed App'x 894, 898 (10th Cir. 2002); Arrington v.

Apfel, No. 98-7099, 1999 WL 446013 at *9 (10th Cir. Jul. 1,

1999); Lindsey v. Apfel, No. 97-7135, 1998 WL 327884 at *4 (10th

Cir. Jun. 22, 1998); Hill v. Chater, No. 96-7046, 1997 WL 3386 at

*2 (10th Cir. Jan.  6, 1997); Haller v. Chater, No. 95-5223, 1996

WL 402251 at *1 (10th Cir. Jul. 18, 1996); Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995); Laferry v. Shalala, No. 93-7069,

1994 WL 170793 at *2 (10th Cir. May 5, 1994); Thompson, 987 F.2d

at 1489.

In the decision at issue, the ALJ stated the standard he

applied in his credibility determination:

> In evaluating the testimony, claimant's prior work
> record and information and observations by treating and
> examining physicians and third parties relating to such
> matters as the duration, frequency and intensity of any
> pain; precipitating and aggravating factors; type,
> dosage, effectiveness and adverse side-effects of any
> pain medication; treatment, other than medication, for
> relief of pain; functional restrictions; and claimant's
> daily activities should be considered.  Also, a
> claimant's persistent attempts to find relief for his

-8-

pain and his willingness to try any treatment
prescribed, regular use of crutches or a cane, regular
contact with a doctor, and the possibility that
psychological disorders could combine with physical
problems could be relevant to the credibility
determination.  Luna v. Bowen, 834 F.2d 161 910th [sic]
Cir. 1987).  Further, Social Security Regulations
provide that an individual's subjective complaints
shall not alone be conclusive evidence of disability.
There must be medical signs and findings, established
by medically acceptable diagnostic techniques, which
show the existence of a medical impairment that results
from anatomical, physiological or psychological
abnormalities which could reasonably be expected to
produce the pain or other symptoms alleged and which,
when considered with all evidence required to be
furnished under the Social Security Act (including
statements of the individual and his physician as to
the intensity and persistence of such pain or other
signs and findings), would lead to a conclusion that
the individual is under a disability.  (20 CFR
404.1508, 404.1529, 4126.908 and 416.929).

(R. 17).

The ALJ considered and summarized the evidence and gave

three reasons for finding plaintiff's allegations of disabling

limitations not credible:  (1) plaintiff's allegations are not

consistent with the record evidence, (2) the alleged severity of

plaintiff's symptoms are "totally unsupported by the objective

evidence," and (3) "The evidence is clear that claimant continues

to abuse alcohol; therefore, claimant's allegations and testimony

are inconsistent with the evidence of record."  (R. 17).

Plaintiff claims the ALJ's credibility determination is not

supported by substantial evidence in the record.  Specifically,

he claims that "the ALJ never considered that Hedrick's

psychological disorders might be combining with his physical

-9-

problems to exacerbate his pain level" (Pl. Br., 21); that the
record evidence does not support the ALJ's finding that
plaintiff's daily activities are inconsistent with disabling
impairments (Pl. Br., 21-22); that the medical expert testified
that plaintiff "would continue to suffer from peripheral
neuropathy and gait disturbance even if he was totally sober"
(Pl. Br., 23)(citing (R. 730); and that "the ALJ's reliance on
Hedrick's use of methadone is not substantial evidence to support
his credibility finding." (Pl. Br., 23).  The Commissioner
argues that the ALJ properly noted that plaintiff is only mildly
limited in activities of daily living, and properly noted that
objective evidence and the treatment notes are inconsistent with
plaintiff's allegations.  (Comm'r Br., 10-11).

    Plaintiff's arguments misunderstand the ALJ's decision.
Plaintiff's argument that the ALJ failed to consider that
plaintiff's psychological disorders might combine with his
physical problems ignores the ALJ's statement as quoted above
that the "possibility that psychological disorders could combine
with physical problems" is one of the factors that is relevant to
evaluating the credibility of plaintiff's allegations of
disabling symptoms.  The ALJ cited the correct legal standard and
stated that he had made "a thorough evaluation of the entire
record." (R. 15).  As the Tenth Circuit has stated, "our general
practice, which we see no reason to depart from here, is to take

a lower tribunal at its word when it declares that it has considered a matter." Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005).  The court has found, and plaintiff cites, no evidence in the record which indicates that psychological disorders combine with physical impairments to make plaintiff's symptoms as severe as alleged.  This case was decided at the fourth step of the sequential evaluation process, and plaintiff has the burden through step four to present evidence that his condition precludes the performance of his past relevant work. Plaintiff's failure to present evidence that psychological disorders combine with physical impairments in this case preclude a finding that the ALJ erred in failing to specifically discuss such a possibility on the facts of this case.  An ALJ need not discuss every piece of evidence.  Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (citing Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)).  In making his decision, he must consider all the evidence, and discuss the evidence supporting his decision, the uncontroverted evidence upon which he chooses not to rely, and significantly probative evidence he rejects.  Id.

Plaintiff also argues the ALJ made a finding that plaintiff's daily activities are inconsistent with his allegations of disabling impairments, and that this finding is not supported by substantial evidence in the record.  (R. 21-22).

-11-

When evaluating the severity of plaintiff's impairments at step
two and step three of the sequential evaluation process, the ALJ
found plaintiff "is mildly restricted in activities of daily
living." (R. 16). Plaintiff stated in his "Daily Activities
Questionnaire," that he spent fifteen hours a week caring for his
mother. (R. 253). He reported he has no problems caring for
himself, id., he cooks four times each week, he does his own
laundry, and he does housekeeping chores of vacuuming, dusting,
dishes, and cleaning the bathroom. (R. 254). He does grocery
shopping once a week, drives, and spends ten to fifteen hours a
day away from home. (R. 255-56). At the hearing, plaintiff
testified that he occasionally dates, and helps with
housecleaning, prepares meals, does grocery shopping and the
laundry. (R. 706-07, 710). Plaintiff's mother reported that
plaintiff cared for her, has no trouble caring for himself,
cooked her meals, does light housework, and only occasionally
needed to use a walker. (R. 261-63). The finding that plaintiff
only has mild limitations in activities of daily living is
supported by substantial evidence in the record.

     Contrary to plaintiff's argument, the ALJ did not rely upon
plaintiff's mild restrictions in daily activities to support the
credibility finding. As discussed above, the ALJ found
plaintiff's testimony not credible because (1) plaintiff's
allegations are not consistent with the record evidence, (2) the

alleged severity of plaintiff's symptoms are "totally unsupported by the objective evidence," and (3) "The evidence is clear that claimant continues to abuse alcohol; therefore, claimant's allegations and testimony are inconsistent with the evidence of record." (R. 17).

As plaintiff argues, the medical expert testified that plaintiff "would continue to suffer from peripheral neuropathy and gait disturbance even if he was totally sober." (Pl. Br., 23)(citing (R. 730)). This fact, however, has no impact on the ALJ's finding regarding credibility. The ALJ specifically found that plaintiff has "peripheral neuropathy with altered gait." (R. 16). He found that plaintiff can walk a maximum of 2000 feet, and that only on a level surface. (R. 18). He did not deny plaintiff has these conditions which are limiting, rather he found that plaintiff's testimony regarding the severity of his limitations is not credible.

Finally, plaintiff argues that "the ALJ's reliance on Hedrick's use of methadone is not substantial evidence to support his credibility finding." (Pl. Br., 23). As plaintiff argues, the ALJ noted that plaintiff "made an extra effort to explain that he was prescribed Methadone for reasons other than substance abuse". (R. 17); c.f. (Pl. Br., 22). However, the ALJ did not find this statement untrue. Moreover, he did not state it as one

of the bases for finding plaintiff's allegations incredible.  He
merely stated it as a comment in making his decision.

     As the Commissioner argues in his brief, "A finding of ''no
substantial evidence' will be found only where there is a
'conspicuous absence of credible choices' or 'no contrary medical
evidence.''"  Trimiar v. Sullivan, 966 F.2d 1326, 1329 (10th Cir.
1992)(quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)
and Hemphill v. Weinberger, 483 F.2d 1137 (5th Cir. 1973)).  None
of the arguments plaintiff made regarding the credibility
determination are supported by the record.  Moreover, the bases
stated in the ALJ's credibility finding are supported by
substantial evidence in the record.  As the Commissioner argues,
the treating physician noted plaintiff's statements that he works
part-time and that "his pain is under control to the point that
he is now functional." (R. 400).  On several occasions,
plaintiff noted that he was working or that his pain was
controlled or of decreased severity.  (R. 394, 396, 572-73, 575).
Finally, as the ALJ found, although plaintiff testified he had
only had two to four beers in the last year and frequently
reported to medical personnel that he had quit drinking some time
before, yet the record shows that he continued to abuse alcohol.
(R. 435, 593-92, 596, 602).  The court finds no error in the
ALJ's credibility determination.

Plaintiff argues that the vocational expert's testimony is not supported by substantial evidence because the ALJ did not include limitations consistent with plaintiff's allegations.  The hypothetical presented to a vocational expert must include all limitations found by the ALJ, but need not include all limitations alleged by plaintiff.  <u>Barnett v. Apfel</u>, 231 F.3d 687, 690 (10th Cir. 2000).  The ALJ need only include limitations which he finds supported by substantial evidence in the record. <u>Davis v. Apfel</u>, 40 F. Supp. 2d 1261, 1269 (D. Kan. 1999).  Since the court found no error in the ALJ's credibility determination, the ALJ was correct in not including the limitations alleged by plaintiff in the hypothetical questions propounded to the vocational expert.  Consistent with the credibility finding above, the vocational expert testimony upon which the ALJ relied is supported by substantial evidence in the record as a whole.

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision be AFFIRMED in accordance with the fourth sentence of 42 U.S.C. § 405(g).

Copies of this recommendation and report shall be delivered to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and D. Kan. Rule 72.1.4, the parties may serve and file written objections to this recommendation within ten days after being served with a copy. Failure to timely file objections with the court will be deemed a

waiver of appellate review.  <u>Hill v. SmithKline Beecham Corp.</u>, 393 F.3d 1111, 1114 (10th Cir. 2004).

Dated this 9th day of April 2007, at Wichita, Kansas.


s/John Thomas Reid
**JOHN THOMAS REID**
**United States Magistrate Judge**