# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DANIEL R. HEDRICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner of ) <br> Social Security, ) <br> ) <br> Defendant. ) <br> ) | No. 06-2129-CM |

## MEMORANDUM AND ORDER

On April 9, 2007, United States Magistrate Judge John Thomas Reid issued his Report and Recommendation in the above-captioned matter (Doc. 10). Plaintiff filed an objection to the Report and Recommendation (Doc. 11). For reasons explained below, the court overrules plaintiff's objection, adopts the Report and Recommendation, and orders that the Commissioner's decision be affirmed.

Plaintiff objects to Magistrate Reid's review of the findings of the Administrative Law Judge ("ALJ") concerning plaintiff's credibility. Specifically, plaintiff takes issue with these statements in the Report and Recommendation:

> None of the arguments plaintiff made regarding the credibility determination are supported by the record. Moreover, the bases stated in the ALJ's credibility findings are supported by substantial evidence in the record. As the Commissioner argues, the treating physician noted plaintiff's statements that he works part-time and that "his pain is under control to the point that he is now functional." (R. 400). On several occasions, plaintiff noted that he was working or that his pain was controlled or of decreased severity. (R. 394, 396, 572–73, 575).

Arguing that Magistrate Reid "failed to consider the relativeness" of plaintiff's functionality,

plaintiff contends that the evidence shows plaintiff was able to work only with accommodations or on a limited basis.  In support of this, plaintiff cites a letter from his employer.

Plaintiff misconstrues the context of the above statement.  The Report and Recommendation begins by summarizing the background of plaintiff's claims, and sets forth the legal standards to be applied.  The majority of the Report and Recommendation addresses plaintiff's contention that the "ALJ's credibility finding is not supported by substantial evidence."  The Report and Recommendation noted that the "ALJ considered and summarized the evidence and gave three reasons for finding plaintiff's allegations of disabling limitations not credible."  The reasons given were: (1) plaintiff's allegations were inconsistent with the record; (2) the record does not support the alleged severity of plaintiff's symptoms; and (3) evidence shows that plaintiff continued to abuse alcohol, making plaintiff's allegations and testimony inconsistent with the record.  After resolving plaintiff's objections to the ALJ's credibility findings, the above-captioned and challenged statement appears in a summary paragraph that concludes, "[t]he court finds no error in the ALJ's credibility determination."  Given this context, plaintiff's objection regarding the relativeness of plaintiff's functionality based on a letter from plaintiff's employer does not challenge the prior determinations about plaintiff's credibility.

First, plaintiff's objection argues that plaintiff was less functional than indicated by the Report and Recommendation.  However, this argument further weakens plaintiff's credibility.  The record indicates that the plaintiff told a treating physician, "his pain is under[]control to the point that he is now functional" and that "he can work part time."  (R.

400). Plaintiff's employer's letter appears to contradict plaintiff's statements. This would support the credibility determinations made by the ALJ and supported by the Report and Recommendation.

Second, plaintiff's objection does not challenge the remainder of the factors used in the ALJ's credibility determination. Because the other factors are unchallenged, they are adopted as true and judged on the applicable law. *Johnson v. Barnhart*, 402 F. Supp. 2d 1280, 1282 (D. Kan. 2005) ("Those parts of the report and recommendation to which there has been no objection are taken as true and judged on the applicable law."). Thus, even if the court gave full weight to plaintiff's objection, plaintiff does not explain how this objection would affect the remainder of the credibility determination. As noted by Judge Lungstrum in *Murphy v. Barnhart*, "plaintiff's contention does not become meritorious merely because the Magistrate Judge may have included arguably irrelevant analysis." No. 05-2297-JWL, 2006 WL 2323954, at *5 (D. Kan. July 25, 2006). Regardless of plaintiff's objection, it remains that the ALJ set forth the evidence on which he relied in evaluating plaintiff's credibility and the Report and Recommendation properly reviewed that evaluation.

For these reasons, the court agrees with the Magistrate Judge's conclusion, and overrules plaintiff's objection. The court adopts the Report and Recommendation of the Magistrate Judge, and affirms the Commissioner's decision.

**IT IS THEREFORE ORDERED** that the Report and Recommendation is adopted. The decision of the Commissioner is affirmed.

Dated this 30th day of September 2007, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**